UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

3:11-3564 WHA

MDL No. 875

(SEE ATTACHED SCHEDULE)

CONDITIONAL REMAND ORDER

The transferee court in this litigation has, in the actions on this conditional remand order: (1) severed all claims for punitive or exemplary damages; and (2) advised the Panel that coordinated or consolidated pretrial proceedings with respect to the remaining claims have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. §1407(a), is appropriate.

IT IS THEREFORE ORDERED that all claims in the action(s) on this conditional remand order except the severed damages claims be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7-day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Eastern District of Pennsylvania.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Eastern District of Pennsylvania with a stipulation or designation of the contents of the record to be remanded and all necessary copies of any pleadings or other matter filed so as to enable said Clerk to comply with the order of remand.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

Oct 10, 2012

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 10/12/12

ATTEST: Tom Dempsey

DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASSBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                              MDL No. 875

## SCHEDULE FOR CRO

| TRANSFEREE DIST DIV. C.A.NO. | | | TRANSFEROR DIST DIV. C.A.NO. | | | CASE CAPTION |
|---|---|---|---|---|---|---|
| PAE | 2 | 11-67226 | CAN | 3 | 11-02775 | DODGE v. GENERAL ELECTRIC COMPANY |
| PAE | 2 | 11-67272 | CAN | 3 | 11-03508 | JOHNS et al v. GENERAL ELECTRIC COMPANY et al |
| PAE | 2 | 11-67273 | CAN | 3 | 11-03564 | GILPIN et al v. GENERAL ELECTRIC COMPANY et al |
| PAE | 2 | 11-67662 | CAN | 3 | 11-04120 | DELANCY v. GENERAL ELECTRIC COMPANY et al |
| PAE | 2 | 11-67667 | CAN | 3 | 11-04327 | DENNIS v. BATH IRON WORKS CORPORATION et al |
| PAE | 2 | 11-67698 | CAN | 3 | 11-04444 | KING v. FOSTER WHEELER LLC |
| PAE | 2 | 11-67330 | CAN | 4 | 11-03772 | HUFF et al v. CBS CORPORATION et al |
| PAE | 2 | 11-67332 | CAN | 4 | 11-03802 | BARNES v. FOSTER WHEELER LLC et al |
| PAE | 2 | 09-74337 | GAS | 5 | 91-00200 | COURSON et al v. GARLOCK, INC. et al |
| ~~PAE~~ | ~~2~~ | ~~10-68064~~ | ~~LAM~~ | ~~3~~ | ~~10-00164~~ | ~~ARDOIN v. DSM COPOLYMER, INC. et al~~ Opposed 10/10/2012 |
| PAE | 2 | 09-66629 | ND | 1 | 90-00248 | EWINE v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 10-68650 | NYS | 1 | 99-11633 | RILEY et al v. A.C. AND S., INC.(ARMSTRONG CONTRACTING &SUPPLY) et al |
| * PAE | 2 | 09-92628 | GAN | 1 | 94-00120 | CARTER v. CSX TRANSPORTATION, INC. |
| PAE | 2 | 10-83258 | SC | 2 | 10-01409 | DONNELLY et al v. AW CHESTERTON COMPANY et al |
| PAE | 2 | 09-69122 | UT | 2 | 06-00741 | ANDERSON et al v. FORD MOTOR COMPANY et al |

* -- denotes that the civil action has been severed.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| GILPIN, et al. v. GENERAL ELECTRIC CO., et al. | : : : : | Transferred from the Northern District of California, Case No. 11-03564 E.D. PA No. 2:11-cv-67273 |

FILED
SEP 26 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### SUGGESTION OF REMAND

**AND NOW**, this **25th** day of **September, 2012**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30, 2009), ECF No. 6197, the Court finds that, as to the above-captioned case:

a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A (see the MDL 875 website's Administrative Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).

b.) Parties have completed their obligations under the Rule 16 order issued by the Court (see ECF No. 7).

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions, including dispositive motions. Particularly relevant rulings include:

    i.  No motions for summary judgment were filed.

1

e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions *in limine* (including *Daubert* challenges).

g.) The remaining viable Defendants for trial are:

    i.   General Electric Co.

h.) Any demand for punitive damages is severed, and claims for punitive or exemplary damages are retained by the MDL-875 Court. See Fed. R. Civ. P. 42(b).

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **Northern District of California** for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. See *In re Collins*, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); see also *In re Roberts*, 178 F.3d 181 (3d Cir. 1999).

2

or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBREÑO, J.

## SUGGESTION OF REMAND MEMORANDUM
Updated September 5, 2012

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 6,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

4

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

### Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Michele_Ventura@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012) for further assistance.

### Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge J. Frederick Motz of the District of Maryland, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case. If appropriate, please contact Judge Motz at Judge_J_Frederick_Motz@mdd.uscourts.gov or (410) 962-0782.

5

MICHAEL E. KUNZ
CLERK'S OFFICE
CLERK OF COURT

ROOM 2609
(267) 299-7018

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA
### U.S. COURT HOUSE
### 601 MARKET STREET
### PHILADELPHIA 19106-1797

RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (VI) MDL 875
**Conditional Remand Order**

Dear Sir/Madam:

The enclosed **certified copy of** a Conditional Remand Order is being mailed to you. This order has been issued by the Judicial Panel on Multidistrict Litigation directing each of the cases on the attached list to be remanded back to your court. Pursuant to this order, please file this certified copy in your specific case and re-open the case in your court now that the Panel has returned jurisdiction of this case to you. Any questions please contact me at (267) 299-7018. Thank You and Have a Good Day.

Sincerely,

MICHAEL E. KUNZ
CLERK OF COURT

Tom Dempsey

Tom Dempsey
MDL Docketing Clerk

Enclosure